

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Aubrey Robison
County Attorney
Morris County
Daingerfield, Texas

Dear Sir:

Opinion No. 0-5623
Re: Interpretation of
H. B. 292, 49th Legis-
lature of Texas, with
reference to maximum
salary of County Super-
intendent of Morris
County, Texas.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I have been requested by the County Superintendent of Morris County for an interpretation of House Bill No. 292 of the Forty Ninth Legislature amending Article 2700, Revised Civil Statutes, Texas, 1925, as amended by House Bill No. 328, Acts, Forty-eighth Legislature, Regular Session, 1943, pertaining to the salaries of elective County Superintendents and other provisions.

"The scholastic population of Morris County for the school year 1944-45 is 3011. The County Superintendent received an annual salary of Two Thousand Dollars ($2000.) as provided by statute. The salary of the County Superintendent under House Bill 292 of the Forty-ninth Legislature raises this salary to Twenty Six Hundred Dollars ($2600.) annually, with a special clause of Section 1, allowing a further raise, which reads as follows:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Provided, however, in counties having
less than eight thousand and one (8,001)
scholastics, where the total expense
for office assistants does not exceed
Twenty four Hundred Dollars ($2400.) per
annum, the salary of the County Super-
intendent may be set at a sum not to
exceed Thirty Six Hundred Dollars
($3600.) per annum by action of the County
Board of Trustees. Provided, however, that
in no instance shall the salaries as are
herein provided be more than Six Hundred
Dollars ($600.) increase over the present
salaries, for the same scholastic popu-
lation bracket.'

"The County Board of Trustees of Morris County
voted unanimously to pay the County Superintendent
Thirty-six Hundred Dollars ($3600.) annually taking
this action under House Bill No. 292. The total
expense for office assistants is Eighteen Hundred
Dollars ($1800.)

"I would appreciate a ruling on the con-
struction to be placed on Section 1, of House Bill
No. 292, Forty-ninth Legislature, and especially
that part reading:

"'Provided, however, that in no instance
shall the salaries as herein provided be
more than Six Hundred Dollars ($600.)
increase over the present salaries for
the same scholastic population bracket,'

insofar as it concerns the legality of the County
Superintendent of Morris County receiving an annual
salary of Thirty-six Hundred Dollars ($3600.)."

House Bill No. 292, 49th Legislature of Texas, reads
in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE
OF TEXAS:

"Section 1. That Article 2700, Revised
Civil Statutes, Texas, 1925, as amended by House

Hon. Aubrey Robison - Page 3

Bill No. 328, Acts, Forty-eighth Legislature,
Regular Session, 1943, is amended to hereafter
read as follows:

"'Section 1.  Salary of the County Super-
intendent.  The elective County Superintendents
of public Instruction shall receive from the
Available School Fund of their respective counties
annual salaries based on the scholastic population
of such counties as follows:

"Population                          Amount

. . . . . .                          . . . .


3,001 to 4,000                       2,500.00


. . . . . .                          . . . .


"'Provided, however, in counties having
less than eight thousand and one (8,001) scholas-
tics, where the total expense for office assistants
does not exceed Twenty-four Hundred Dollars
($2400) per annum, the salary of the county Super-
intendent may be set at a sum not to exceed Thirty-
six Hundred Dollars ($3,600) per annum by action
of the County Board of Trustees.  Provided,
however, that in no instance shall the salaries
as are herein provided be more than Six Hundred
Dollars ($600) increase over the present salaries,
for the same scholastic population bracket."'

The Governor filed House Bill 292, without his ap-
proval, in the Office of the Secretary of State on June 25
and we have just obtained a copy of same.  This bill was
passed by the House by the following vote:  Yeas 120,
Nays 2, and the House concurred in Senate amendments by
the following vote:  Yeas 104, Nays 0.  It was passed by
the Senate by the following vote:  Yeas 28, Nays 0.  It is,
therefore, in immediate effect, but there will be no funds
with which to pay the increased salaries until after
September 1, 1945.  We quote the following from Section 1
of the Act:

"In making the annual budget for county
administration expense, the County School Trustees
shall make an allowance out of the State Available
School Fund for the salary and expenses of the

Hon. Aubrey Robison - Page 4

office of the county superintendent and the same shall be determined by the resident scholastic population of the county. It shall be the duty of the County Board of Trustees to file the budget for county administration expense with the State Department of Education on or before September first of each scholastic year, the budget to be approved and certified to by the President of the County Board of Education and attested to by the County Superintendent. The compensation herein provided for shall be paid monthly upon the order of the County School Trustees; provided that the salary for the month of September shall not be paid until the County Superintendent presents a receipt from the State Superintendent showing that he has made all reports required of him."

This budget is for the school year beginning September 1, 1945. The present budget for the Superintendent of Morris County was based on his salary of $2,000.00 per annum and, therefore, no more than $166.66 per month may be paid to him until the new budget for 1945-46 is in effect. You are, therefore, advised that no change is made by this law in the salary of the County Superintendent until after September 1, 1945.

It is our further opinion that after such time (Sept. 1, 1945, and after the 1945-46 budget is in effect) the maximum salary which can be allowed to the County Superintendent of Morris County will be the sum of $266.66 per month. This amount is based upon the maximum annual salary allowable under H. B. 292 which we hold to be the sum of $3,200.00 per annum.

We also wish to clearly point out that salary increases for public officials are clearly prospective and are not retroactive. This has been the uniform holding of the courts and of this department. Therefore as pointed out above, when the salary increase becomes effective, the County

Hon. Aubrey Robison – Page 5

Superintendent's salary (of Morris County) cannot exceed the sum of $255.66 per month.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Wm. J. Fanning
    Assistant

WJF:BT

APPROVED JUL 23 1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN